UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ERIC ANNING, | ) |
| Plaintiff | ) ) ) |
| vs. | ) CAUSE NO. 2:09-CV-408 RM |
| WAL-MART, STORE # 2544, | ) ) ) |
| Defendant | ) |

OPINION and ORDER

This action was removed to this court by Wal-Mart Stores East, LP on December 10, 2009 based on diversity jurisdiction. The complaint was originally filed in state court on January 2009 and Wal-Mart's answer to the complaint was filed in February 2009. A defendant seeking to remove a case in diversity jurisdiction must file a notice of removal within thirty days after service of the complaint. 28 U.S.C. § 1446(b). If, however, a case is not removable at the outset, a notice of removal may be filed within thirty days after the defendant receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).

An untimely notice of removal is a procedural defect, not a jurisdictional one, but the time limit is mandatory and strictly construed. Northern Illinois Gas Co. v. Airco Indus. Gases, 676 F.2d 270, 273 (7th Cir. 1982) ("While the time limitation imposed by §1446(b) is not jurisdictional, it is a strictly applied rule of

procedure and untimeliness is a ground for remand so long as the timeliness defect has not been waived.") (citations omitted). The district court should review removal notices for procedural defects *sua sponte*. <u>In re Continental Cas. Co.</u>, 29 F.3d at 295 ("District judges who look carefully at newly filed or removed cases, and identify potential defects in their institution or removal, do both the parties and the legal system a great service."). District courts, upon noticing procedural defects in removal, "should alert the parties" to such defects, so that plaintiffs can make an informed decision about whether to waive the defect and remain in federal court. <u>In re Continental Cas. Co.</u>, 29 F.3d 295.

Wal-Mart says it is filing the notice of removal "within 30 days after receipt of notice that this case is now applicable for removal to this Court." Based on the state court record received, however, it doesn't appear that removal is timely. The court requests Wal-Mart, within ten days from the date of this order, to briefly explain the circumstances that made the case applicable for removal.

SO ORDERED.

ENTERED:  <u>December 14, 2009</u>


 <u>/s/ Robert L. Miller, Jr.</u>
 Chief Judge
 United States District Court